# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3671 | **DATE** | 2/15/2013 |
| **CASE TITLE** | Saf-T-Gard Int'l, Inc. vs. Vanguard Energy Services, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Discovery from Seminole Energy Services [42] is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Saf-T-Gard International ("Saf-T-Gard") brings a purported class action against Vanguard Energy Services, LLC ("VES"), Vanguard Energy, LLC ("Vanguard"), and Seminole Energy Services, LLC ("Seminole"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, related to the transmission of unsolicited faxes. Saf-T-Gard now moves the court to compel Seminole to provide Saf-T-Gard with information regarding faxes sent by Seminole to potential class members. Seminole responds by arguing that any faxes it sent are not at issue in this case, because they fall outside of the scope of the allegations in Saf-T-Gard's Amended Complaint. The court agrees that the requested discovery is not relevant to the allegations in the Amended Complaint and denies the motion to compel.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter which is not privileged and which is relevant to the claim or defense of any party. Information is relevant for purposes of the rule "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The issue here is whether faxes sent by Seminole are relevant to Saf-T-Gard's claims. The Amended Complaint alleges that VES sent an unsolicited fax advertisement to Saf-T-Gard. (Am. Compl. ¶ 8, ECF No. 23.) It further alleges that Seminole and Vanguard are liable for the fax because it "was sent on their behalf," and because they managed and directed the affairs of VES. (*Id.* ¶ 15.) Seminole and Vanguard allegedly "stood to profit" from sales made by VES through the use of fax advertisements. (*Id.* ¶ 21.) Saf-T-Gard brought its claim "on behalf of a class, consisting of (a) all persons (b) who, on or after May 14, 2008 and on or before [] June 4, 2012 (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an 'opt out' notice as described in 47 U.S.C. §227." (*Id.* ¶ 32.)

Vanguard and Seminole moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Saf-T-Gard failed to allege facts showing that either Vanguard or Seminole sent any unsolicited faxes. They further argued that the alleged facts were insufficient to establish their liability as parent companies of VES. On November 28, 2012, the court denied the motion to dismiss, finding that Saf-T-

| STATEMENT |
|---|

Gard had alleged facts that supported the inference that VES had engaged in marketing of energy services, including sending fax advertisements, on behalf of its parent companies, and that alternatively, the parent companies could plausibly be held liable under an agency theory. (Order Nov. 28, 2012, ECF No. 36.) On December 6, 2012, the court certified the following class:

> (a) all persons or entities (b) who, on or after May 14, 2008 and on or before June 4, 2012 (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

(Order Dec. 6, 2012 at 12, ECF No. 38.)

Saf-T-Gard now argues that the class definition encompasses persons who received faxes sent by Seminole and Vanguard, as well as faxes sent by VES. At first blush, that reading appears consistent with the language of the class definition. But the class definition must be read in the context of the Amended Complaint. The Amended Complaint alleges only that faxes were sent by VES. But for the theory that the faxes were sent "on behalf of" Seminole and Vanguard, those two defendants would have been dismissed from this action, as the facts alleged in the Amended Complaint would have been insufficient to establish liability on their part. The class definition is thus properly understood to encompass persons who received unsolicited faxes sent *by* VES, *on behalf of* VES, Vanguard and/or Seminole.

There is no factual basis in the Amended Complaint to expand the class to people who received faxes directly from Seminole. Therefore, unless Plaintiff files a Second Amended Complaint alleging that Seminole and Vanguard sent faxes directly to class members, discovery must be limited to materials relevant to faxes sent to class members by VES. Accordingly, Saf-T-Gard's motion to compel is denied.