**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAF-T-GARD INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.: 12-cv-3671 |
| ) | |
| VANGUARD ENERGY SERVICES, L.L.C., ) | |
| VANGUARD ENERGY, L.L.C., AND ) | |
| SEMINOLE ENERGY SERVICES, L.L.C., ) | Honorable Joan B. Gottschall |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiff Saf-T-Gard International, Inc. ("Saf-T-Gard" or "Plaintiff") and its counsel Keogh Law, Ltd., respectfully request that the Court grant this Motion for Preliminary Approval of Class Action Settlement with Vanguard Energy Services, L.L.C., Vanguard Energy, L.L.C., and Seminole Energy Services, L.L.C. (collectively, "Defendants"), who do not oppose this motion. In support of this motion, Plaintiff states as follows:

**NATURE OF THE CASE**

1. Saf-T-Gard filed a Class Action Complaint against Defendants on May 14, 2012 and a First Amended Class Action Complaint against Defendants on July 18, 2012, both alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §227, ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2, and Illinois common law (conversion) by sending Plaintiff and the class members unsolicited facsimile advertisements of their services.

2. The TCPA and implementing Federal Communications Commission regulations generally make it unlawful for any person or entity to "use a telephone facsimile machine,

1

computer, or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227(b)(1)(C); 47 CFR § 64.1200(a)(4).

3.     On December 6, 2012, the Court granted Saf-T-Gard's motion for class certification and certified the following class:

> (a) all persons or entities (b) who, on or after May 14, 2008 and on or before June 4, 2012 (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227. Doc. 38.

4.     On February 15, 2012, the Court denied Plaintiff's motion to compel discovery regarding faxes sent by defendant Seminole Energy Services, L.L.C. ("Seminole") and ruled that "the class definition is [] properly understood to encompass persons who received unsolicited faxes sent *by* VES, *on behalf of* VES, Vanguard and/or Seminole."

5.     With that understanding, Plaintiff diligently pursued the discovery necessary to identify the class members and prosecute the class claims. Discovery has shown that defendant Vanguard Energy Services ("VES") sent a total of 119 potentially unsolicited facsimile advertisements to a total of 82 persons/entities during the relevant time period. Discovery has not shown that any such faxes were sent by Seminole or Vanguard Energy, L.L.C. ("Vanguard") on behalf of VES during the relevant time period.

6.     Although the Parties disagree about whether certain of the facsimiles were unsolicited, the Parties have agreed to a class wide settlement on behalf of all 82 persons to whom those facsimiles were sent and, for purposes of settlement, assert that there are 82 Class Members.

7.     The Parties reached the agreement, which is attached hereto as Appendix 1, after extensive arm's length negotiations and in good faith.

8.      Counsel for Plaintiff has reviewed and analyzed the legal and factual issues presented in this action, the information provided by Defendants and third parties in discovery, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, and the costs and possible outcome of one or more procedural and substantive appeals.  Based on that review and analysis, Counsel for Plaintiff believes that the terms of the Settlement are fair, reasonable, and adequate.

## TERMS OF THE SETTLEMENT

9.      Pursuant to the Settlement Agreement, and subject to court approval, Defendants have agreed to establish a common fund in the amount of $59,500.00 to make a payment of $500.00 for each facsimile sent to the class members.  Assuming the Court awards the total requested attorney's fees and costs of $19,635.00, each class member would receive $335.00 *per facsimile* without any requirement to submit a claim form.

10.     Separate and apart from the above relief, Defendants will pay Settlement Administration Costs and a class representative incentive award to Plaintiff in an amount to be determined by the Court, but not to exceed $5,000.

11.     Plaintiff and counsel for Plaintiff and the class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the putative class members.

## THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

12.      Under Fed. R. Civ. P. 23(e)(1)(C), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion."  There is usually an initial presumption of fairness when a proposed class settlement "is the product of arm's length

3

negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg, A. Conte, Newberg on Class Actions §11.41 (4th ed. 2002); *Goldsmith v. Technology Solutions Co.*, No. 92 C 4374, 1995 WL 17009594, at *3 (N.D. Ill. Oct. 10, 1995); *Boggess v. Hogan*, 410 F. Supp. 433, 438 (N.D. Ill. 1975).

13. As the Seventh Circuit recognizes, courts generally favor settlements of class actions:

> It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement. In the class action context in particular, '"there is an overriding public interest in favor of settlement."' Settlement of the complex disputes often involved in class actions minimizes the litigation expense of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.

*Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir.1980) (citations and quotations omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

14. District court review of a class action settlement proposal is a two-step process. At the preliminary approval stage, the question for this Court is whether the settlement falls within the "range of possible approval," and is sufficiently fair, reasonable and adequate to warrant dissemination of notice apprising Class Members of the proposed settlement and to establish procedures for a final settlement hearing under Rule 23(e). Newburg, *supra*, at §11.41. If the district court preliminarily approves a class action settlement, it then proceeds to the second step in the review process, the fairness hearing. Manual for Complex Litigation (Fourth) §21.633 (2004).

15.	In assessing the fairness, reasonableness and adequacy of a settlement, courts consider the following factors: (1) the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement; (2) the defendants' ability to pay; (3) the complexity, length and expense of trial; (4) the presence of collusion in reaching a settlement and (5) the stage of the proceedings and the amount of discovery completed. *Armstrong*, 616 F.2d at 314, (citations omitted); *Synfuel Techs., Inc.,* 463 F.3d at 653; *In re General Motors Corp. Engine Interchange Litig.,* 594 F.2d 1106, 1132 (7th Cir.1979) (citations omitted); *Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir.1996). Of these considerations, the first is most important. *Synfuel Techs., Inc.,* 463 F.3d at 653.

**All Of The Factors Weigh In Favor Of Preliminary Approval**

**a.	The Settlement Provides Significant Benefits To The Class.**

16.	In a TCPA case, each class member would be entitled to $500 per fax and up to $1,500 if they can prove a willful violation of the Act.

17.	While Plaintiff submits that it has a strong claim, Plaintiff recognizes that it may not be able to prove that Defendants violations were willful. As such, Plaintiff believes that the common fund, which amounts to $500 per facsimile, provides adequate relief to the class. Assuming the Court awards the requested attorneys fees and costs, each class members will receive $335.00 per fax without any requirement to submit a claim form.

**b**.	**The Settlement Resulted From Extensive Arm's Length Negotiations And Is Not The Product Of Collusion**

18.	As a leading treatise on class action jurisprudence explains, "…decisions indicate that the courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." Newberg, §11.51. *See*

5

*also*, Section IV(1)(A), *supra* (there is an initial presumption of fairness when a settlement has been negotiated in arm's length by experienced counsel). The requirement that a settlement be fair is designed to protect against collusion among the parties. *Mars Steel Corp. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 834 F. 2d 677, 684, 9 Fed. R. Serv. 3d (LCP) 909 (7th Cir. 1987) (approved settlement upon finding of no "hanky-panky" in negotiations). There usually is an initial presumption that a proposed settlement is fair and reasonable when it was the result of arm's length negotiations. Newberg, §11.42.

19. Settlement was reached after the class was certified and discovery necessary to identify the class and prosecute the class claims was complete, which consisted of contested discovery motions, several sets of written discovery requests, and subpoenas to a third party.

20. The significant economic benefit to the Settlement Class demonstrates that the settlement is fair, reasonable and adequate.

### c. The Proposed Notice To Class Members Is Adequate

21. Under Federal Rule of Civil Procedure 23(c)(2), class members are entitled to notice of any proposed settlement and an opportunity to object or opt out before it is finally approved by the Court. Manual for Complex Litig. (Fourth) § 21.31 (2004). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974), *quoting, Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

22. The Notice the Plaintiff proposes here is clear and straightforward, providing putative class members with enough information to evaluate whether to participate in the Settlement, as well as directions on how to seek further information. The Notice contains all of

the information required by Rule 23, such as the nature of the action; the class definition; summary of the class claims and defenses; the amount paid for a claim; the potential class representative fee and attorneys' fees and costs; ability to enter an appearance; exclusion rights; objection rights and binding effect of a class judgment on members under Rule 23.

23. Notice will be provided by first class mail to each class member within thirty (30) days after the entry of the Preliminary Approval Order

24. Defendants, through a Claims Administrator will perform various tasks relating to implementation of the settlement, including, without limitation: (1) mailing Class Notice as set forth in this Settlement Agreement (2) forwarding any inquiries from members of the Settlement Class to Class Counsel for response; (3) mailing payments to the class memberspursuant to the Settlement Agreement and; (4) providing the Court and the parties proof of the above.

25. The notice scheme the Plaintiff proposes is consistent with the due process requirements incorporated in Rule 23(c)(2)(B). Rule 23's advisory committee note states that the "mandatory notice pursuant to subdivision (c)(2) . . . is designed to fulfill requirements of due process to which the class action procedure is of course subject." Fed. R. Civ. P. 23(d)(2) advisory committee's note. (*citing*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (additional citations omitted).

26. Accordingly, Plaintiff respectfully submits, the Settlement Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the settlement.

27.     The Parties have agreed to the form of the draft preliminary approval order attached to the Settlement Agreement as *Exhibit A* and again hereto as *Appendix 2*, which provides:

    1) setting a date for a final approval hearing ("Court Approval Hearing");

    2) approving sending the proposed Class Notice in the form that is attached to the Settlement Agreement as *Exhibit C*;

    3) setting deadlines for mailing of the Class Notice, the filing of objections, the submission of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Court Approval Hearing;

   WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of *Appendix 2*, which contains the previously set deadlines.

                             Respectfully submitted;

                             /s/ Timothy J. Sostrin

Keith J. Keogh
Timothy Sostrin
KEOGH LAW, LTD.
55 W. Monroe, Suite 3390
Chicago, IL 60603
(312) 726-1092/(312) 726-1093 (fax)
TSostrin@Keoghlaw.com