# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 12-cv-3671 |
| | ) | |
| VANGUARD ENERGY SERVICES, L.L.C., | ) | |
| VANGUARD ENERGY, L.L.C., AND | ) | |
| SEMINOLE ENERGY SERVICES, L.L.C., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated July 29, 2013, is entered into between Saf-T-Gard International, Inc. (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class Members" (as defined below), and Vanguard Energy Services, L.L.C. ("VES"), Vanguard Energy, L.L.C. ("Vanguard"), and Seminole Energy Services, L.L.C. ("Seminole") (hereinafter referred to as "Defendants" and together with Plaintiff collectively referred to as the "Parties"). The Parties intend this Agreement to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

RECITALS

WHEREAS, on May 14, 2012, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against Defendants in the United States District Court for the Northern District of Illinois, Case No. 12 CV 3671 asserting class claims under the

1

Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*., the Illinois Consumer Fraud Act, 815 ILCS 505/2 and Illinois common law (conversion);

WHEREAS, Plaintiff has alleged that Defendants violated the TCPA by sending unsolicited facsimile advertisements to facsimile machines promoting their services for sale;

WHEREAS, on December 6, 2012, the Court certified a class consisting of "(a) all persons or entities (b) who, on or after May 14, 2008 and on or before June 4, 2012 (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227;"

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interests;

WHEREAS, counsel for the Settlement Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Settlement Class Members;

WHEREAS, counsel for the Settlement Class Members believes, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Settlement Class Members, that the class settlement as provided in

2

this Agreement is in the best interest of the Settlement Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive motion practice, discovery, and arm's length negotiations;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek entry of a Final Approval Order and subsequently an order dismissing with prejudice the claims of the Settlement Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4; and

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.     DEFINITIONS – The following definitions shall apply to this Agreement:

A.     "Effective Date" shall mean the first date after "Final Order Day" (as defined below).

3

B.   "Claims Administrator" shall mean a qualified and experienced class action administration firm as chosen by Defendants and approved by Class Counsel.

C.   "Class Members" shall mean "(a) all persons or entities (b) who, on or after May 14, 2008 and on or before June 4, 2012 (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227." The Parties agree that there are 82 Class Members, who received a total of 119 faxes.

D.   "Settlement Class Members" shall mean all Class Members who do not validly and timely file a request for exclusion.

E.   "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form, which Plaintiff or Settlement Class Members have that arise out of, are based upon, or are related to the conduct alleged in the Lawsuit.

F.   "Released Parties" shall mean Defendants and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company.

2.   CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to the Order of December 6, 2012, Plaintiff was appointed as the Class Representative for the Class Members, and Keogh Law, Ltd. was appointed as counsel

4

for the Class. For settlement purposes, and subject to Court approval, Defendants agree to withdraw any objection raised in any pending motion to the adequacy of either Plaintiff to serve as the Class Representative or Keogh Law, Ltd, to serve as class counsel (hereinafter referred to as "Class Counsel").

3.    ORDER OF PRELIMINARY APPROVAL – Counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A, no later than 14 days after the Settlement Agreement is signed.

4.    FINAL APPROVAL ORDER – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Approval Order substantially in the form attached as Exhibit B. The Final Approval Order shall provide that:

A.    the Agreement is fair, adequate and reasonable, and in the best interests of the Settlement Class Members;

B.    the notice regimen and Notice described in paragraph 7 fully complies with Federal Rule of Civil Procedure 23 and the requirements of due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons or entities entitled to notice of the settlement of the Lawsuit;

C.    shall address Class Counsel's request for attorney's fees and costs and any incentive award to the Plaintiff;

D.    a date certain is set for which Defendants a will file an affidavit of the

5

Claims Administrator's compliance with the Agreement.

E.      a date certain to report on the final accounting of the settlement.  At the final accounting hearing, the case will be dismissed with prejudice and without costs.

5.      In the event this settlement is not approved, both Parties reserve the right to take any action to support their claims, defenses and arguments as to any aspect of the case. This excludes any arguments moving to enforce the settlement agreement and/or arising out of a failure of a Party to perform in conformity with the terms of this Agreement.

6.      ADMINISTRATION AND NOTIFICATION PROCESS – Defendants, at their sole cost and expense, shall retain a Claims Administrator to oversee the administration of the settlement and the notification to Class Members. 7.      Defendants      shallretain Claims Administrator to, as expeditiously as possible but not to exceed 14 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement provide any notice required by CAFA.  In addition, Defendants shall retain Claims Administrator to, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A.      Mail Notice – Defendants shall retain Claims Administrator to send written notice of the settlement via U.S. Mail to each of the 82 Class Members at the most recent address contained in the Sales Force records maintained by Defendants.  The notice shall be in substantially the form attached as Exhibit C.

8.      REQUESTS FOR EXCLUSION AND OBJECTIONS – Class Counsel shall oversee the administration of the receipt of any and all requests for exclusion and

objections.

9.     Any Class Member who desires to be excluded from the class must submit to counsel for both Parties a written request for exclusion within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  Class Counsel shall, prior to final approval, report to the Court as to which Class Members (if any) submitted requests for exclusion.

10.    In the written request for exclusion, the Class Member must set forth the business name, business representative name, facsimile number, and address, along with a statement that he or she wishes to be excluded.  Any request for exclusion that does not provide this information shall not be valid.

11.    Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

12.    Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  Further, any such Class Member must, immediately upon filing the objection, provide a copy of the written objection to Class Counsel and counsel for Defendants.  In the written objection, the Class Member must set forth the name or business name, business representative name if applicable, facsimile number, and address, along with a statement of the reasons for the objection and whether he or she intends to appear at the fairness hearing and, if so, whether he or she will appear on his or her own behalf or through counsel of his or her choosing.

13.    Any Class Member who does not file a valid and timely objection to the settlement

shall be barred from objecting to the settlement and foreclosed from seeking review of the settlement by appeal or otherwise.

14.     Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

15.     <u>RELEASES</u> – As of the Effective Date, Plaintiff and the Settlement Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims.

16.     The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties.

17.     <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

    A.     <u>Common Fund</u> – Defendants will make available the amount of $59,500.00 from which it will make payments in the following order:

        i. an award of attorney's fees and costs to Class Counsel in an amount to be determined but the Court, but not to exceed $19,635.00 within 14 days of the Final Approval Order;

        ii. within 21 days of the Final Approval Order, Defendants shall deliver a check to each Settlement Class Member in an amount equal to "Z," where the following

are true

X = the amount of attorney's fees and costs awarded to Class Counsel;

Y = ($59,500.00 minus X) divided by 119;

N = the number of faxes sent to a particular class member as indicated in Defendants' Sales Force Records; and

Z = Y multiplied by N

The settlement checks shall be mailed to the same addresses to which Defendants sent Notice of the settlement except that all checks returned with a forwarding address will be re-mailed to the forwarding address, but only if such address is provided. Each settlement check will be negotiable for 60 days after it is mailed. Any checks that are uncashed 60 days after the date of issuance of the checks shall revert to Defendants.

18.  INCENTIVE AWARD TO NAMED PLAINTIFF – Class Counsel intends to file an application to the Court for approval of an incentive award in an amount not to exceed five thousand dollars ($5,000.00) to Plaintiff for serving as the class representative in this case. This incentive awards shall be subject to the Court's approval, but under no circumstances shall it exceed the above amount. Plaintiff agrees that this Settlement Agreement is not conditional on the approval of an incentive award in any amount or at all.

This incentive award and the other benefits provided by this Settlement Agreement will be the only compensation Plaintiff will receive for its participation in the pursuit of the class claims that were part of the Litigation, its dismissal of this action, and its release of claims with respect to the Released Parties.

The incentive award shall be paid in the amount approved by the Court within

twenty-one (21) days of entry of the Final Approval Order.

19.     COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

20.     TERMINATION – After completing a good faith negotiation, each party shall have the right to terminate this Agreement by providing written notice to the other within 7 days of:

        A.      The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A;

        B.      The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

        C.      The Court's refusal to enter a Final Approval Order substantially in the form attached as Exhibit B.

21.     If any party terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

22.     Under no circumstances shall Class Counsel or Plaintiff be responsible for any of the costs associated with printing, mailing, or processing any of the notices required by this Agreement.

23.     ATTORNEYS' FEES, COSTS, AND EXPENSES – Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed

$19,635.00, subject to approval by the Court. Defendants will not object to the fee, cost, and expense application, provided the application seeks no more than $19,635.00.

24.     <u>PUBLICITY</u> – The Parties and their counsel agree that pending a determination of Final Approval, they will not discuss the terms of this Agreement with any media source, unless such information is contained in any of the class action notices issued pursuant to this Agreement, or by order of the Court. Further, this confidentiality limitation does not apply to any disclosures required by court order, or in conjunction with perfecting this settlement.

25.     <u>MISCELLANEOUS PROVISIONS</u> – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

26.     This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Defendants. This Agreement shall not be offered or be admissible against Defendants, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

27.     No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

28.     This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.  Amendments

11

to this Agreement shall be made in writing and signed by the Parties – provided, however, that technical, typographical and other non-substantive changes to the Agreement may be made by agreement of counsel for the Parties.

29.     This Agreement shall be interpreted in accordance with Illinois law.

30.     Any dispute, challenge, or question relating to this Agreement shall be heard only by the Court or, as necessary, courts which have appellate jurisdiction over the United States District Court for the Northern District of Illinois.

31.     The Parties shall request that the Court retain continuing jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, and over the administration and enforcement of this Agreement.

32.     This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

33.     In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if the Parties mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

34.     This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

35.     This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding

on all of the Parties and together shall constitute one and the same instrument. Signatures transmitted by facsimile, or electronically-transmitted signatures, may be treated as original signatures for all purposes.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 29 th day of July, 2013.

| | |
|---|---|
| Saf-T-Gard International, Inc. | Vanguard Energy Services, L.L.C. |
| By: RICHARD A. RIVKIN | By: _____ |
| Its: PRESIDENT | Its: _____ |
| | |
| | Vanguard Energy, L.L.C. |
| | By: _____ |
| Keith J. Keogh | Its: _____ |
| Timothy J. Sostrin | |
| KEOGH LAW, LTD. | Seminole Energy Services, L.L.C. |
| 55 West Monroe Street, Suite 3390 | By: _____ |
| Chicago, Illinois 60603 | Its: _____ |
| Phone: (312) 726-1092 | |
| Attorneys for Plaintiff, Saf-T-Gard | |
| International, Inc. and the Class | |

David M. Stahl
Jonathan M. Wier
EIMER STAHL, LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: (312) 660-7600
Attorneys for Defendants

13

on all of the Parties and together shall constitute one and the same instrument. Signatures transmitted by facsimile, or electronically-transmitted signatures, may be treated as original signatures for all purposes.

　　　　IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this ___th day of July, 2013.

| | |
|---|---|
| _____ | _____ |
| Saf-T-Gard International, Inc. | Vanguard Energy Services, L.L.C. |
| By: _____ | By: _____ JOHN F. WEIR |
| Its: _____ | Its: MANAGING MEMBER |

| | |
|---|---|
| _____ | Vanguard Energy, L.L.C. |
| Keith J. Keogh | By: _____ JOHN F. WEIR |
| Timothy J. Sostrin | Its: MANAGING MEMBER |
| KEOGH LAW, LTD. | |
| 55 West Monroe Street, Suite 3390 | Seminole Energy Services, L.L.C. |
| Chicago, Illinois 60603 | By: _____ Alex Goldberg |
| Phone: (312) 726-1092 | Its: EVP & General Counsel |
| Attorneys for Plaintiff, Saf-T-Gard | |
| International, Inc. and the Class | _____ |
| | David M. Stahl |
| | Jonathan M. Wier |
| | EIMER STAHL, LLP |
| | 224 South Michigan Avenue, Suite 1100 |
| | Chicago, Illinois 60604 |
| | Phone: (312) 660-7600 |
| | Attorneys for Defendants |

13

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.:      12-cv-3671 |
| | ) | |
| VANGUARD ENERGY SERVICES, L.L.C., | ) | |
| VANGUARD ENERGY L.L.C., AND | ) | |
| SEMINOLE ENERGY SERVICES, L.L.C., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

Having considered the Motion of Plaintiff Saf-T-Gard International, Inc. ("Saf-T-Gard" or "Plaintiff") for Preliminary Approval of Class Action Settlement with defendants Vanguard Energy Services, L.L.C., Vanguard Energy, L.L.C., and Seminole Energy Services, L.L.C. (hereinafter referred to as "Defendants" and together with Plaintiff collectively referred to as the "Parties"), the signed Settlement Agreement and Release (the "Agreement") attached as Appendix A to Plaintiff's Motion, and all other evidence submitted concerning Plaintiff's motion, and after hearing argument of the parties, due notice having been given and the Court being duly advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

1

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the lawsuit.

(c)      With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1.      The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.      In the event that (i) the Agreement is terminated pursuant to its terms; (ii) the Agreement, the Preliminary Approval Order, and the Final Judgment and Order do not for any reason become effective; or (iii) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated and this case shall proceed as though the Settlement had never been reached.  If the settlement does not become final in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated

3.      Defendants, through a Claims Administrator shall give notice of the settlement, its terms, the right to opt out, appear, and the right to object to the settlement as set forth in the Agreement.  The Agreement's plan for class notice is the best notice

practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

4.       The form of notice  is attached as <u>Exhibit A</u> to the Agreement.  On or before August 16, 2013 Defendant, through a claims administrator,  will send the notice substantially in the form of <u>Exhibit A</u> by first class mail to each Class Member identified on the Class List.  This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.  The Court finds and orders that no other notice is necessary.

5.       To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement and directs that parties to incorporate the deadlines and dates in the Notice:

(a)       Objections to the Settlement by Class Members or any appearance of an attorney on behalf of a Class Member, along with any memoranda in support of those objections, shall be filed in this Court and served by fax or mail postmarked to Class Counsel on or before September 27, 2013 or shall be forever barred.  Each objection must contain the following information:  (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(b)     Requests by any Class Member to opt out of the Settlement must be faxed or mailed postmarked to Class Counsel on or before September 27, 2013, or shall be forever barred.  A notice of intention to opt out must contain the following information:   (a) the Class Member's name and address; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement that expressly states an intent of the Class Member not to participate in the Agreement and to waive all rights to the benefits of the Agreement.

6.     Defendants shall file an affidavit of the Claims Administrator regarding notice by August 30, 2013.

7.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) no later than October 11, 2013.

8.     Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by October 11, 2013.

9.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on November 12, 2013 at 9:30am.

10.     All papers in support or opposition to the Agreement shall be filed October 11, 2013.  Any responses to objections, shall be filed with the Court on or before October 18, 2013.  There shall be no replies from objectors.

11.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

12.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: _____          _____
                                                    Hon. Joan B. Gottschall

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.:    12-cv-3671 |
| | ) | |
| VANGUARD ENERGY SERVICES, L.L.C., | ) | |
| VANGUARD ENERGY L.L.C., AND | ) | |
| SEMINOLE ENERGY SERVICES, L.L.C., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## FINAL APPROVAL ORDER

1.      On DATE, 2013, this Court preliminarily approved the Class Settlement

Agreement reached between Saf-T-Gard International, Inc. ("Plaintiff") and defendants Vanguard

Energy Services, L.L.C., Vanguard Energy, L.L.C., and Seminole Energy Services, L.L.C.

("Defendants").

2.      The Court approved a form of notice for the class.  The Court is informed

that actual notice was sent by First Class Mail to #### Class Members.  There were ####

mailings returned as undeliverable.  ____ Class Member(s) requested exclusion, and _____

objections were filed or received.

3.      On DATE, 2013, the Court held a fairness hearing to which Class

Members, including those any with objections, were invited.  The Court, being fully advised in

the premises, hereby orders:

        a.      The Court finds that the Class covered by the Settlement

1

Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

b.  The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

4.  The Court finds that the settlement is fair, reasonable, and made in good faith and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payments by Defendants from a Common Settlement Fund of $59,500.00.

5.  The Court awards Class Counsel attorney's fees and costs in the amount of $19,635.00, to be paid from the Common Settlement Fund.

6.  The Court further approves of and orders Defendants, through the Claims Administrator, to distribute the Common Settlement Fund within 21 days of the entry of this order as follows:

a.  $19,635.00 payment to Class Counsel.

b.  Each class member shall be paid $335.00 for each facsimile advertisement Defendants sent to it. Class members shall be paid by check negotiable for 60 days after issuance.

c.  Any amount of the Common Settlement Fund that remains unclaimed 60 days after issuance of the checks will revert to Defendants.

7.  Defendant shall make a payment of $5,000.00 to Plaintiff in addition to the Settlement Fund as an incentive award for its representation of the class

8.  As of the Effective Date, Plaintiff and those Class Members who do not opt out of the Settlement Class ("Releasors") fully, finally, and forever settle, release and discharge Defendants and each of their past, present, and future directors, officers, employees,

2

partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), from the beginning of time to the date of this Agreement which Plaintiff or Settlement Class Members have that arise out of, are related to, or are based upon, the conduct alleged in the Lawsuit regardless of whether those claims are known or unknown at the time this Agreement is entered into, and regardless of any information that may be discovered in future and are accordingly barred from pursuing such claims.

9. Defendants to submit a report on final accounting of the Settlement Fund on DATE, 2013.

DATE: _____     ENTERED:

_____
Hon. Joan B. Gottschall

3

# EXHIBIT C

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**YOU MAY HAVE RECEIVED AN UNSOLICITED FAX ADVERTISEMENT FROM *VANGUARD ENERGY SERVICES, L.L.C.***
**PLEASE READ THIS NOTICE CAREFULLY.**

**To All Members of the Following Class:**

**ALL PERSONS OR ENTITIES WHO, ON OR AFTER MAY 14, 2008 AND ON OR BEFORE JUNE 4, 2012 WERE SENT UNSOLICITED FAXES BY OR ON BEHALF OF DEFENDANTS (VANGUARD ENERGY SERVICES, L.L.C., VANGUARD ENERGY, L.L.C., OR SEMINOLE ENERGY SERVICES, L.L.C.) PROMOTING THEIR GOODS OR SERVICES FOR SALE AND WHO WERE NOT PROVIDED AN "OPT OUT" NOTICE AS DESCRIBED IN 47 U.S.C. § 227.**

**I.       WHY IS THIS NOTICE BEING SENT?**
          This notice is being sent to let you know that you may be eligible to receive a payment for each facsimile advertisement that Vanguard Energy Services, L.L.C. sent to you. The lawsuit is pending in federal court in Chicago, Illinois. The hearing to approve the settlement will be held on **DATE, 2013 at TIME a.m.** before District Judge Gottschall in Courtroom 2325 of the U.S. District Court, 219 South Dearborn Street, Chicago, IL 60604.

**II.      WHAT IS THE LAWSUIT ABOUT?**
          Plaintiff Saf-T-Gard International, Inc. sued Defendants, alleging it received an unsolicited facsimile advertisement from Defendants in violation of the Telephone Consumer Protection Act ("TCPA"), which provides for statutory damages of $500.00 per facsimile. Saf-T-Gard represents a class of persons who were sent similar unsolicited advertising facsimiles, as the TCPA. Defendants deny these allegations but have agreed to settle to avoid the costs and uncertainties of litigation. Defendants will vigorously defend the lawsuit if the proposed settlement is not approved.

**III.     WHAT IS THE PROPOSED SETTLEMENT?**
          The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, each class member will automatically receive a payment reflecting the total number of facsimile advertisements sent to that class member.

**IV.      HOW DO I PARTICIPATE?**
          You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class and receive payment. If the Settlement is approved by the Court, you will receive $500.00 for each facsimile sent to you, minus the attorney's fees and costs awarded by the Court. Assuming the Court awards the requested attorney's fees and costs, you will receive $335 per fax.

**V.       WHAT AM I GIVING UP?**
          If the settlement becomes final, you will be releasing Defendants of any claims relating in any way to its sending of unsolicited advertising facsimiles. This release is more fully explained in paragraphs 1, 15, and 16 of the Settlement Agreement. The Settlement Agreement is available at the Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604 during business hours. You will need to reference case number 12 C 3671.

**VI.      EXCLUDING YOURSELF FROM THE SETTLEMENT**
          If you want to keep the right to sue Defendants over the legal issues in this case, you must take steps to get out of the settlement. This is called asking to be excluded from – or sometimes called "opting out" of – the class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Saf-T-Gard International, Inc. v. Vanguard Energy, et al.* class action settlement. Be sure to include your name, address and the number for the facsimile

machine on which you were sent the fax advertisement, and your signature by **DATE, 2013**. Send the letter to **Class Counsel at the addresses provided in paragraph VIII.** If you opt out, you will not receive payment from the Settlement Fund, you cannot object to the Settlement, and you will not be bound by anything that happens in this lawsuit.

**VII.     OBJECTING TO THE SETTLEMENT.**
          Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. To object, you must send a letter saying that you object to the settlement in *Saf-T-Gard v. Vanguard Energy, et al.*, 12 C 3671 by **DATE**. Be sure to include your name, address and the telephone number for the facsimile machine on which you were sent the fax advertisements. Any papers in support of your objection, to the settlement must be filed by **DATE** with Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604. The Court will consider your views if you properly submit an objection on time.

          Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you have no basis to object because the case no longer affects you. Any objections or appearances must be filed with the Court and reference 12 C 3671 and sent to **Class Counsel at the addresses provided herein in paragraph VIII.**

**VIII.    WHO REPRESENTS THE CLASS?**
          The Court has appointed the following law firm to represent you and members of the Settlement Class in this lawsuit: KEOGH LAW, LTD., 55 West Monroe Street, Suite 3390, Chicago, Illinois 60603.

          This firm represents your interests in this lawsuit. You may contact them at 312.374.3401 or VanguardSettlement@Keoghlaw.com with any questions that you have about the lawsuit or the Settlement. You may also hire your own attorney at your own cost.

**IX.      CAN I GET MORE INFORMATION?**
          This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in 12 C 3671, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604. If you have questions about this notice or the proposed settlement, you may contact Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**.