IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 12-cv-3671 |
| | ) | |
| VANGUARD ENERGY SERVICES, L.L.C., | ) | |
| VANGUARD ENERGY L.L.C., AND | ) | |
| SEMINOLE ENERGY SERVICES, L.L.C., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

Having considered the Motion of Plaintiff Saf-T-Gard International, Inc. ("Saf-T-Gard" or "Plaintiff") for Preliminary Approval of Class Action Settlement with defendants Vanguard Energy Services, L.L.C., Vanguard Energy, L.L.C., and Seminole Energy Services, L.L.C. (hereinafter referred to as "Defendants" and together with Plaintiff collectively referred to as the "Parties"), the signed Settlement Agreement and Release (the "Agreement") attached as Appendix A to Plaintiff's Motion, and all other evidence submitted concerning Plaintiff's motion, and after hearing argument of the parties, due notice having been given and the Court being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

1

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the lawsuit.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. In the event that (i) the Agreement is terminated pursuant to its terms; (ii) the Agreement, the Preliminary Approval Order, and the Final Judgment and Order do not for any reason become effective; or (iii) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated and this case shall proceed as though the Settlement had never been reached. If the settlement does not become final in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated

3. Defendants, through a Claims Administrator shall give notice of the settlement, its terms, the right to opt out, appear, and the right to object to the settlement as set forth in the Agreement. The Agreement's plan for class notice is the best notice

practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

4. The form of notice is attached as <u>Exhibit A</u> to the Agreement. On or before August 16, 2013 Defendant, through a claims administrator, will send the notice substantially in the form of <u>Exhibit A</u> by first class mail to each Class Member identified on the Class List. This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The Court finds and orders that no other notice is necessary.

5. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement and directs that parties to incorporate the deadlines and dates in the Notice:

(a) Objections to the Settlement by Class Members or any appearance of an attorney on behalf of a Class Member, along with any memoranda in support of those objections, shall be filed in this Court and served by fax or mail postmarked to Class Counsel on or before September 27, 2013 or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(b) Requests by any Class Member to opt out of the Settlement must be faxed or mailed postmarked to Class Counsel on or before September 27, 2013, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name and address; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement that expressly states an intent of the Class Member not to participate in the Agreement and to waive all rights to the benefits of the Agreement.

6. Defendants shall file an affidavit of the Claims Administrator regarding notice by August 30, 2013.

7. Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) no later than October 11, 2013.

8. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by October 11, 2013.

9. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on November 12, 2013 at 9:30am.

10. All papers in support or opposition to the Agreement shall be filed October 11, 2013. Any responses to objections, shall be filed with the Court on or before October 18, 2013. There shall be no replies from objectors.

11. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

12. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: 8/7/13

_____
Hon. Joan B. Gottschall